### JAMES STEELE, appellee, *vs.* SYLVANUS BATES, appellant.

Although the judges certifying exceptions, are bound to notice no point decided, to which an exception is not *taken* and *noted* at the time, yet it is proper for them to certify any other point ruled, which they think merits further consideration.

If one decoy another from a foreign government, under a promise that he will not sue him, or cause him to be arrested, and thereupon do sue and arrest him, an action of assumpsit for damages will lie on such promise:

But if the party so arrested, instead of avoiding the process for the fraud, plead to the action, and there be judgment for damages against him, such damages cannot be recovered back, as damage for the breach of such promise:

A declaration, charging an arrest on the 24th day of the month, is supported by evidence of an arrest on a writ dated the 25th day of the month.

*Held, arguendo,* that an arrest, in violation of a legal promise not to arrest, may be pleaded in abatement of the process.

SYLVANUS BATES was attached to answer unto *James Steele*, in a plea of the case for that the defendant, at *Stanstead*, in the province of *Lower Canada*, to wit, at *Guildhall*, &c. on, &c. in consideration that the plaintiff would go from said Stanstead into the town of *Derby*, in the county of *Orleans*, for the purpose of attending to an arbitration before *E. Paddock*, &c. arbitrators, chosen and agreed upon to settle certain difficulties and disputes, together with certain causes then pending in the county and supreme courts, at *Irasburgh*, within and for the county of Orleans, then existing between the present plaintiff and defendant, promised the said Steele, that he would not cause the plaintiff to be arrested for any cause, civil or crimin-

Essex,
March,
1827.

Steele
vs.
Bates.

al, or sue or harass him, in the county aforesaid, in favour of the defendant, or any other person, against the plaintiff; and the defendant further promised and agreed, for the consideration aforesaid, to prevent any suit being commenced against the plaintiff, so far as was in his power so to do; and the plaintiff, relying and confiding in the said promises and undertakings of the defendant, on, &c. went from said Stanstead into the town of Derby, in said county of Orleans, for the purposes aforesaid;---and the said Bates, not regarding his several promises so made as aforesaid, did maliciously cause a criminal prosecution to be brought against the plaintiff, for a pretended assault and battery committed on him the said Bates, whereby the plaintiff was arrested and imprisoned for a long time, to wit, for the space of two days.

And also for that whereas, at, &c. on, &c. in consideration that the plaintiff would go from said Stanstead to Derby aforesaid, for the purposes of attending an arbitration between the plaintiff and defendant, he, the said Sylvanus Bates, then and there faithfully promised the plaintiff, that he would not sue, or cause the plaintiff to be arrested or sued, on any demand or action in his, the defendant's favour, against the plaintiff, nor harass him with any suit whatever, in said county of Orleans; and the plaintiff, confiding in the several promises made by the defendant as aforesaid, on the 24th day of September, A. D. 1822, went from said Stanstead into the town of Derby, as aforesaid, for the purposes aforesaid; and the said Bates, regardless of his several promises aforesaid, did, on the same day and year last aforesaid, sue and commence an action of defamation in his favour against the plaintiff, and by virtue of said writ, made returnable, &c. caused the plaintiff to be arrested and imprisoned, by reason of which the plaintiff was put to great loss and inconvenience---to the damage of the said James Steele, the sum of $1,000, &c.

The action was tried on the general issue, before *Essex* county court, at their September term, 1826, and a verdict and judgment for the plaintiff.

On that trial, exceptions were taken by the defendant, among other things, to certain evidence offered and admitted, and to the charge of the court to the jury, which will sufficiently appear in the following opinion.

The case now came before this court on a motion by the defendant for a new trial, founded on exceptions certified up by the county court. On reading the exceptions as allowed, *Fletcher*, for the plaintiff, objected to proceeding upon the decisions as to the admission of testimony, because it did not appear from the bill of exceptions that the defendant had excepted to those decisions. He insisted that the *fifteenth rule* required that the exceptions should be *taken* and *noted*, and that it ought not to be departed from; for the party might have *other* witnesses, by whom he could prove the same facts. But

BY THE COURT----That rule, is for the convenience of the

Court, and to prevent mistakes. The judge is not bound to certify any other points than those *noted ;* but if he do so, it is presumed that *he* is satisfied that the matter merited further consideration.

The motion was argued by *Wm. Mattocks,* for the defendant, and by *Cushman* and *Fletcher,* contra.

HUTCHINSON, J. It appears by the case, that the plaintiff, in proving the second count of his declaration, offered the record of the writ, service and judgment, in the action of slander brought by Bates, upon which writ Steele was arrested when he came out from Canada to attend the arbitration. This, it seems, was urged as proper, both to show the breach of the promise in the second count, and for the purpose of enabling the plaintiff, Steele, to recover back, as damage, the whole amount of the judgment contained in said record. This was objected to on several grounds---1st. On account of the variance in the date of the writ named in the declaration, from that contained in the record. This objection is without foundation ; for the declaration does not allege what was the date of the writ, but only alleges that, on the 24th day of September, 1822, the defendant did sue and commence an action of defamation against him, &c. This date, forming no part of the description of any writing, but only pointing to a time when an act was performed, the day was immaterial, and the record of a writ dated the 25th of the same month well supports the allegation. ---See 1 *Phil. Ev.* 171, 173.---2 *Ibid.* 3.

Another objection to this record, was, that it could be no ground for the plaintiff's recovering damages in this case, especially, as there is no pretence that the judgment has been paid and satisfied. The court overruled the objections, and admitted the record. The charge of the court to the jury upon the effect of this record upon their verdict, may well be considered in connexion with their decision to admit the record. The defendant made several points in his request to the court for their instruction to the jury. The second was, that no special damages could be recovered, as none were alleged. The third was, that the jury could not take into consideration, in assessing damages, the amount recovered in the action of defamation, as that was adjudicated upon in a court of competent jurisdiction ; and the *fourth* was, that they could only give the immediate, not the remote damages. The only charge given upon these three points, was, that if they found the promises made and broken, the plaintiff was entitled to recover all the actual damages he had sustained in consequence of the breach of said promises. By this the jury were warranted to include in their verdict the amount of said judgment, as the record was admitted for that purpose, and the same was not excluded in the charge of the court.

In this the court erred, and a new trial must be granted. It appears by the record, that Bates recovered in the county

court a little over fifty dollars; and Steele appealed to the Supreme Court, and the judgment there was one hundred dollars, with a proportionably larger bill of cost. If the present plaintiff could, in this action, recover back any part of that judgment, it would be very unjust for him to recover that part which was occasioned by his own appeal to the Supreme Court. Further, there could be no pretence for his recovering it back, or having it included in his verdict, without he first proved that he had paid it. But there is yet a more fatal objection, which was urged and overruled.---That was a judgment recovered upon the trial of the merits of an action regularly pending before a court of competent jurisdiction. It is, therefore, conclusive between the parties, so long as that judgment remains in force and unreversed. The present plaintiff, instead of treating the action of defamation as an illegal suit, and abating the writ, and procuring his own discharge from it, elected to treat it as a legal suit, and proceeded to a trial of its merits. That judgment is a conclusive bar to any action *Bates* can ever bring for the same defamation. It would be strangely unjust that it should be thus valid to bar Bates' cause of action, and yet have no force for him to collect and hold the money as against Steele. Such is not the law. It is binding upon both parties so long as it remains in force.

The Court are well agreed thus far; but it escaped our recollection, while together, to consult upon some other points raised, upon which some directions may be necessary in relation to the future trial of the action. (a) .

The members of the Court present are agreed, that the plaintiff can have no claim to recover his costs, in defending the action of ejectment, that accrued after the action was appealed by him. I think, myself, that he has a claim, if he declared for special damages, and, if he recovers at all, for a compensation for his trouble in being arrested in the defamation suit, and procuring bail, and, as he must expect the writ would be returned to court, for his trouble and expense in procuring the writ abated, and himself discharged. But, from the time he began to defend it as a legal suit, and his expenditures were upon a trial of the merits of the controversy, he has no claim to recover back those expenditures, for it cannot be presumed that it cost him any more to try the merits of the cause in that suit than in any other. But the declaration contains no averment of special damage. There ought, at least, to have been an averment, that the plaintiff was put to great trouble, and expended large sums of money, to wit, $——, in defending said suit.

SKINNER, Ch. J. It would have been desirable that the Court should have been prepared to give instructions on all the points litigated. I could never consent to say, that a man should be permitted to decoy another from a foreign government, and then, in violation of his faith, to sue him here. I believe the law to be now settled, that the process might have been avoided for the fraud. I think, also, that Steele may recover back

Essex,
March,
1827.

Steele
vs.
Bates.

*Essex,*
*March,*
*1827.*

*Steele*
*vs.*
*Bates.*

all costs in the suit up to the time he took an appeal therein. As to the averments in the writ, all expenses that accrue are damages which follow, and may be recovered without being specially alleged.

BY THE COURT. A new trial is granted.

The plaintiff then moved for, and obtained leave to amend his declaration, by charging special damages.

(a) At the request of the counsel, this case was heard at *Danville*, by the whole Court; but, in consequence of the statute requiring the Court to sit in *Essex* and *Orleans* counties on the *same* day, only two of the judges attended at *Guildhall*, the other two having proceeded to *Irasburgh*.